ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark T. Bomar, | No.  CV 22-00125-PHX-DWL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Centurion of Arizona LLC, et al., | |
| Defendants. | |

    Plaintiff Mark T. Bomar, who is confined in the Arizona Department of Corrections, has filed, through counsel, a civil rights Complaint and paid the filing and administrative fees.  The Court will order Defendants to answer the Complaint.

**I.      Statutory Screening of Prisoner Complaints**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

    A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

## II. Complaint

In his Complaint, Plaintiff names as Defendants: Centurion of Arizona LLC, Doctors Wen Zhong and Theodora Paul, Nurse Practitioner Marie DeMello; Nurse Erica Johnson, Resident Nurse Sarah Ziegler, and several unidentified John and/or Jane Doe Defendants.  Put briefly, Plaintiff alleges that Defendants failed to timely and properly diagnose what was ultimately determined to be cancer.  The delay in properly diagnosing Plaintiff's condition caused Plaintiff to have to undergo extensive and painful chemo- and radiation therapy.  Plaintiff alleges that these treatments would not have been necessary had Defendants properly diagnosed him when he first began complaining of pain in 2019.  Additionally, Plaintiff alleges that, while attempting to give him an enema, Defendant Zeigler perforated Plaintiff's colon, an injury that required colectomy surgery to repair.  Accordingly, Plaintiff alleges that Defendants have violated his Eighth Amendment rights (Count One), have been medically negligent (Count Two), and have intentionally inflicted emotional distress (Count Three).  Plaintiff seeks monetary relief, and punitive damages.

The Court will require Defendants to answer the Complaint.

**IT IS ORDERED:**

(1)   Plaintiff must either serve Defendants or seek a waiver of service for each

Defendant.

(2)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(3)     Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(4)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(5)     This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

(6)     This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(7)     If properly completed, the Clerk of Court must issue the proposed Summonses filed at Doc. 2.

Dated this 27th day of January, 2022.

Dominic W. Lanza
United States District Judge